(No. 87-CV-0124—)

*In re* APPLICATION OF JOHN LAVORINI

*Order filed October 11, 1989.*

KIELIAN & WALTHER, for Claimant.

NEIL F. HARTIGAN, Attorney General (JAMES MAHER, Assistant Attorney General, of counsel), for Respondent.

SOMMER, J.

This cause coming to be heard on the Claimant's motion for waiver or reduction of lien, due notice having been given and this Court being fully advised in the premises, finds that on December 1, 1986, the Claimant was awarded by this Court the amount of $1,144 under the Crime Victims Compensation Act. (Ill. Rev. Stat. 1987, ch. 70, par. 71 *et seq.*) The Claimant also received $2,652.80 from a private insurer. The Claimant had medical bills of approximately $3,700 with some possible future expenditures. The Claimant also has been awarded a judgment of $7,460 against his assailant. Of this judgment, $3,200 has been paid. The insurer has reduced its lien by one-half, and the Claimant asks that the State do likewise or give up its lien altogether so that the Claimant might have some funds over and above his medical bills.

Section 10.1(g) of the Crime Victims Compensation Act states that "* * * compensation under this act is a secondary source of compensation * * *." (Ill. Rev. Stat., ch. 70, par. 80.1.) Under this Act, recoveries from various sources are required to be deducted from awards under the Act, while a lien is established on any possible recoveries from the perpetrator.

In summary, the purpose of the Act is to aid

innocent victims of crime in stated ways where aid is forthcoming from no other source. When aid is forthcoming from another source, the taxpayers have no statutory obligation to the victim. In the present claim, a waiver or reduction of the lien would, in effect, make an award where one has been previously made from another source, as the award made in the circuit court against the perpetrator would have compensated the total damages. Such a deviation from the scheme of the Act would require statutory authorization. As there is no statutory authorization to waive or reduce liens, this Court has no power to do so. Therefore it is ordered that the motion of the Claimant for waiver or reduction of liens is denied.