<hr />

(No. 85-CV-1088–▮▮▮▮▮▮▮▮▮▮▮▮)

*In re* APPLICATION OF SETUKO M. COBB

*Opinion filed January 22, 1991.*
*Notice filed January 22, 1991.*
*Opinion filed January 30, 1992.*

TIMOTHY O. MALLOY and RONALD N. PRIMACK, for Claimant.

NEIL F. HARTIGAN and ROLAND W. BURRIS, Attorneys General (JAMES MAHER, Assistant Attorney General, of counsel), for Respondent.

## OPINION

SOMMER, J.

This claim arises out of an incident that occurred on October 2, 1984. Setuko M. Cobb, wife of the deceased victim, James R. Cobb, seeks compensation pursuant to

the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1983, ch. 70, par. 71 *et seq.*

This Court has carefully considered the application for benefits submitted on May 2, 1985, on the form prescribed by the Attorney General, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That on October 2, 1984, the Claimant's deceased husband, James R. Cobb, age 59, was a victim of a violent crime as defined in section 72(c) of the Act, to wit: murder (Ill. Rev. Stat. 1983, ch. 38, par. 9—1).

2. That the crime occurred in Chicago, Illinois, and all of the eligibility requirements of section 76.1 of the Act have been met.

3. That the Claimant seeks compensation for funeral expenses and for loss of support for herself.

4. That the Claimant paid funeral and burial expenses in the amount of $356.65.

5. That section 72(h) of the Act states that loss of support shall be determined on the basis of the victim's average net monthly earnings for the six months immediately preceding the date of injury or on $750.00 per month, whichever is less.

6. That the victim's average net monthly earnings were $592.29. The victim was 59 years of age at the time of the crime. According to the U.S. Department of Health, Education and Welfare, *Vital Statistics of the United States* (1978), Life Tables, volume II, his life expectancy would be 76.8 years. The projected loss of

earnings for 17.8 years is $126,513.14, which is in excess of $15,000.00, which is the maximum amount compensable under section 80.1(f) of the Act.

7. That the Claimant has received no reimbursements that can be counted as an applicable deduction under section 80.1(e) of the Act.

8. That pursuant to section 80.1(e) of the Act, this Court must deduct $200.00 from all claims (except in the case of an applicant 65 years of age or older), and the amount of benefits, payments or awards payable under the Workers' Compensation Act, Dramshop Act, Federal Medicare, State Public Aid, Federal Social Security Administration burial benefits, Veterans Administration burial benefits, health insurance, or from any other source, except annuities, pension plans, Federal Social Security payments payable to dependents of the victim and the net proceeds of the first $25,000.00 of life insurance that would inure to the benefit of the applicant.

9. That after making all the applicable deductions under the Act, the pecuniary loss resulting from the victim's death is in excess of the $15,000.00 maximum allowed in section 80.1(f) of the Act.

10. That the Claimant has complied with all pertinent provisions of the Act and qualifies for compensation thereunder.

11. That the Claimant, Setuko M. Cobb, has filed a civil action, *Cobb v. Lee*, No. 85 L 23013, in the circuit court of Cook County, Illinois, as a result of the incident. The Claimant, by informing the Attorney General's office of her pending civil suit, has acknowledged her responsibility to further notify the Attorney General of the final disposition of the civil action, pursuant to section 87 of the Act.

It is therefore, hereby ordered that the sum of $15,000.00 be and is hereby awarded to Setuko M. Cobb, wife of James R. Cobb, an innocent victim of a violent crime.

## NOTICE

TO: Timothy O. Malloy
142 Rimbach
Hammond, Indiana 46320

Compensation having been paid to the above-named claimant(s) pursuant to the provisions of the Illinois Crime Victims Compensation Act (Ill. Rev. Stat., 1983, ch. 70, par. 71 *et seq.*), you are hereby notified that the State of Illinois claims a charge against any verdict, judgment or decree entered, or any money or property which is recovered on account of the claim, demand or cause of action against the assailant(s) or any third party who may be liable in damages.

You are further notified that if you seek civil damages from the assailant(s) or any third party who may be liable you must give written notice to the Attorney General of the making of said claim or demand or the filing of said suit for such damages. Neither you nor anyone on your behalf has the authority to release the charge accruing to the State of Illinois by any settlement or compromise with any party who may be liable to you for damages.

## OPINION

SOMMER, J.

This cause comes before us on a motion to discharge lien made by the Respondent, represented by the Attorney General.

On January 22, 1991, this Court awarded the Claimant $15,000 as compensation for funeral expenses and loss of support pursuant to section 72(h) of the Crime Victims Compensation Act. (Ill. Rev. Stat., ch. 70, par. 72(h).) The award was the maximum amount available under the Act at the time of the crime; however, the Claimant's loss under the Act was substantially greater.

The Claimant also filed suit against the offender and received a settlement of $15,000 on October 16, 1991. The State has a valid lien against this amount as per section 87(c) of the Act. The Attorney General is petitioning that this lien be waived.

The issue of waiver of the lien has been considered by this Court recently in *In re Application of Lavorini* (1989), 42 Ill. Ct. Cl. 390. In that claim, the Claimant was seeking a lien waiver even though the circuit court award fully compensated him for his injuries, as measured under the Act.

In *Lavorini, supra,* this Court recognized that the Crime Victims Compensation Act provides assistance to crime victims when aid is not forthcoming from other sources. The request to waive the lien in the Lavorini claim, if granted, would have abrogated the basic scheme of the Act by granting aid over and above the amount of loss, as determined by the Act. The Court stated that:

"Such a deviation from the scheme of the Act would require statutory authorization." *Lavorini, supra,* at 392.

Further the Court stated that:

"As there is no statutory authorization to waive or reduce liens, this Court has no power to do so." *Lavorini, supra,* at 392.

Upon further consideration, this Court's statement that it must have statutory authorization to reduce or

waive the lien is applicable to the situation in the Lavorini claim. However, where the circuit court award does not compensate the Claimant fully, as defined by the Act, and the Claimant's award under the Act added to the circuit court's award still does not fully compensate the Claimant, waiver of the lien does not violate the basic scheme of the Act. It is therefore, ordered that the motion to discharge lien of the Respondent, by the Attorney General, is hereby granted and the lien filed on January 22, 1991, is discharged.