(No. 87-CV-0997-

*In re* APPLICATION OF NASEEM ABUSHARIF

*Opinion filed May 23, 1988.*
*Order filed October 18, 1991.*
*Opinion filed August 30, 1993.*

NASEEM ABUSHARIF, *pro se*, for Claimant.

NEIL F. HARTIGAN and ROLAND W. BURRIS, Attorneys General (JAMES A. TYSON, JR. and CHARLES DAVIS, JR., Assistant Attorneys General, of counsel), for Respondent.

OPINION

POCH, J.

This claim arises out of an incident that occurred on October 25, 1986. Naseem Abusharif, Claimant, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. (1985), ch. 70, par. 71, *et seq.*

This Court has carefully considered the application for benefits submitted on March 18, 1987, on the form prescribed by the Attorney General, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

(1) That the Claimant, Naseem Abusharif, age 58, was a victim of a violent crime as defined in §72(c) of the Act, to wit: aggravated battery. Ill. Rev. Stat. (1985), ch. 38, par. 12—1.

(2) That on October 25, 1986, the Claimant was shot by an unknown offender who was burglarizing his grocery store. The incident occurred at Route 171 and Smith Road, Lockport, Illinois. Police investigation revealed that the Claimant went to the store to investigate an activated burglar alarm. The offender, who had gained entry into the store, approached the Claimant with a gun, demanded his money and shot him. The Claimant was initially transported to Silver Cross Hospital and was later transferred to Christ Hospital for treatment of his injuries.

(3) That the Claimant seeks compensation for loss of earnings and medical/hospital expenses.

(4) That section 2(h) of the Act states that loss of earnings shall be determined on the basis of the victim's average net monthly earnings for the six months immediately preceding the date of the injury or on $750 per month, whichever is less.

(5) That the Claimant was self-employed as owner/operator of Hollywood Towers Food and Liquor Store at the time of the incident. The Claimant has indicated that his business is operating at a loss. Therefore, the Claimant

has no net earnings upon which to base his claim for loss of earnings.

(6) That the Claimant has submitted and verified medical/hospital expenses in the amount of $29,832.70, none of which was paid by insurance, leaving a balance of $29,832.70. To date, the Claimant has paid $135 towards this balance.

(7) That the Claimant has complied with all pertinent provisions of the Act and qualifies for compensation thereunder.

(8) That pursuant to section 10.1 of the Act, this Court must deduct from all claims the amount of benefits, payments or awards payable under the Workers Compensation Act, Dram Shop Act, Federal Medicare, State Public Aid, Federal Social Security Administration burial benefits, Veterans Administration burial benefits, health insurance, or from any other source, except annuities, pension plans, Federal Social Security payments payable to dependents of the victim and the net proceeds of the first $25,000 (twenty-five thousand dollars) of life insurance that would inure to the benefit of the applicant.

(9) That the Claimant has received no reimbursements that can be counted as applicable deductions.

(10) That after making all the applicable deductions under the Act, the pecuniary loss resulting from the Claimant's injuries is in excess of $25,000, the maximum amount allowed in section 10.1(f) of the Act.

(11) That pursuant to section 18(c) of the Act, the Court may order that all or a portion of an award be paid jointly to the applicant and provider of services. In the instant case, the Court finds this section applicable and orders that joint payment be made.

(12) That the Claimant is entitled to an award of $25,000, which may be prorated as follows:

|  | Compensable Amount | % of Loss | Total Award |
|---|---|---|---|
| Christ Hospital | $21,734.10 | 72.9% | $18,225.00 |
| Parkview Orthopedic Group, S.C. | 6,555.00 | 22.0% | 5,500.00 |
| Silver Cross Hospital | 509.60 | 1.7% | 425.00 |
| Fisher Mangold/Joliet | 263.00 | .9% | 225.00 |
| Norval T. Cocadis, M.D. | 250.00 | .8% | 200.00 |
| Para-Care Inc. Ambulance Service | 191.00 | .6% | 150.00 |
| Lawn Medical Center, S.C. | 164.00 | .5% | 125.00 |
| Associated Radiologist of Joliet, S.C. | 31.00 | .1% | 25.00 |
| Paid Medical Expenses | 135.00 | .5% | 125.00 |
| Total | $29,832.70 | 100.0% | $25,000.00 |

It is hereby ordered that the sum of $125 (one hundred twenty-five dollars) be and is hereby awarded to Naseem Abusharif, an innocent victim of a violent crime.

It is further ordered that the sum of $18,225 (eighteen thousand two hundred twenty-five dollars) be and is hereby awarded to Naseem Abusharif and Christ Hospital.

It is further ordered that the sum of $5,500 (five thousand five hundred dollars) be and is hereby awarded to Naseem Abusharif and Parkview Orthopedic Group, S.C.

It is further ordered that the sum of $425 (four hundred twenty-five dollars) be and is hereby awarded to Naseem Abusharif and Silver Cross Hospital.

It is further ordered that the sum of $225 (two hundred twenty-five dollars) be and is hereby awarded to Naseem Abusharif and Fisher Mangold/Joliet.

It is further ordered that the sum of $200 (two hundred dollars) be and is hereby awarded to Naseem Abusharif and Norval T. Cocadiz, M.D.

It is further ordered that the sum of $150 (one hundred fifty dollars) be and is hereby awarded to Naseem Abusharif and Para-Care Inc., Ambulance Service.

It is further ordered that the sum of $125 (one hundred twenty-five dollars) be and is hereby awarded to Naseem Abusharif and Lawn Medical Center, S.C.

It is further ordered that the sum of $25 (twenty-five dollars) be and is hereby awarded to Naseem Abusharif and Associated Radiologists of Joliet, S.C.

## ORDER

MONTANA, C.J.

This cause comes on to be heard on the applicant's request to reopen and "lift the lien" on the expected proceeds of a civil case arising out of the same incident as gave rise to the case at bar, due notice having been given, and the Court being advised.

In the request at bar, applicant has alleged that he has incurred medical expenses of $37,000 as a result of the crime which gave rise to this claim. He has been previously awarded and paid a maximum benefit of $25,000 under the Crime Victims Compensation Act, leaving alleged unreimbursed expenses of $12,000. He stated that he has a collateral civil action wherein a $10,000 settlement has been reached and against which a $25,000 lien has been placed pursuant to the Act.

It is hereby ordered that this matter is reopened and referred to the Office of the Attorney General for: (1) verification that unreimbursed expenses have been

incurred as a result of the crime and the amount of any such expenses and (2) report as to its position on whether the lien should be lifted in view of the additional expenses and amount of the settlement.

## OPINION

SOMMER, C.J.

This cause coming on to be heard on the Claimant's request for the waiver or reduction of the lien maintained by the State for monies it has paid under the Crime Victims Compensation Act (Ill. Rev. Stat. (1985), ch. 70, par. 71 *et seq.*

The Claimant went to the grocery store owned by him, at 5:00 a.m. in the morning on October 25, 1986, to investigate an activated burglar alarm signal and was confronted and shot at his store by a burglar.

The Claimant filed a claim under the provisions of the Crime Victims Compensation Act (Ill. Rev. Stat. (1985), ch. 70, par. 71 *et seq.*), hereafter referred to as the Act. The Claimant had medical bills and expenses resulting from the incident totalling $29,832.70, which was prorated and paid by Respondent to the Claimant's creditors.

The Claimant thereupon filed a civil action in the circuit court of Cook County, 88-L-18007, against the Forest Alarm Service, Inc., the company furnishing the alarm service in the Claimant's store, alleging negligence on the part of the defendant for failure to properly service the alarm system as well as its failure to notify the police of the alarm system being activated.

An examination of a pre-trial memorandum in the Cook County case disclosed that a notice of lien had been filed in favor of the State of Illinois in the amount of its

award paid on behalf of the Claimant of $25,000. The Claimant, in the belief that his suit against the Forest Alarm Service, Inc. may be settled in his favor, for an amount less than the Respondent's lien of $25,000, seeks a waiver or reduction of the lien of $4,832.70, his unreimbursed medical expenses.

This Court in *In Re Application of Setuko M. Cobb* (1992), 44 Ill. Ct. Cl. 438, has held that where the Claimant recovers in the circuit court and where the circuit court award plus the crime victims compensation award does not fully compensate the victim as measured by the Act, the lien might be waived. In the present claim, if the lien were to work so that the circuit court award were to be totally paid to the State, then the Claimant would not be fully compensated for his expenses compensable under the Act. If, however, the lien is waived in the amount of $4,832.70, the Claimant would be fully compensated. To do otherwise would remove the incentive for injured parties to seek redress against their assailants and to pursue repayments for the State in such cases.

The Claimant also asks for attorney's fees. The counsel for the Claimant, Stephen Block, ably argued on behalf of his client, but there is no provision in the Act for the State's paying attorney's fees, so we must deny this claim for attorney's fees.

It is therefore ordered that the State's lien is waived in the amount of $4,832.70 but remains in effect for monies recovered over and above that amount.