(No. 93-CV-2086-

*In re* APPLICATION OF FOREST L. SHOOK

*Opinion filed December 30, 1993.*
*Opinion filed March 31, 1994.*

KEEHNER, CANNADAY & KATZ, P.C. (JIM D. KEEHNER, of counsel), for Claimant.

ROLAND W. BURRIS, Attorney General (PAUL H. CHO, Assistant Attorney General, of counsel), for Respondent.

## OPINION

Sommer, C.J.

This claim arises out of an incident that occurred on November 26, 1992. The Claimant, Forest L. Shook, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. (1991), ch. 70, par. 71, *et seq.*

This Court has carefully considered the application for benefits submitted on February 10, 1993, on the form prescribed by the Attorney General, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

(1) That on November 26, 1992, Forest L. Shook, age 30, was a victim of a violent crime as defined in section 2(c) of the Act, to wit: aggravated battery. Ill. Rev. Stat. (1991), ch. 38, par. 12—4.

(2) That the crime occurred in Swansea, Illinois, and all of the eligibility requirements of section 6.1 of the Act have been met.

(3) That the Claimant seeks compensation for medical/hospital expenses and for loss of earnings.

(4) That after considering insurance and other sources of recovery, the Claimant's net compensable loss

for medical/hospital expenses is $3,323.05. To date, the Claimant has paid $45 towards this amount.

(5) That section 2(h) of the Act states that loss of earnings shall be determined on the basis of the victim's average net monthly earnings for the six months immediately preceding the date of the injury or on $1,000 per month, whichever is less.

(6) That the Claimant's average net monthly earnings for the six months prior to the incident were $1,078.22. Claimant was disabled and unable to work for a period of 14 working days. Based upon $1,000 per month, the maximum compensation for loss of earnings is $636.30.

(7) That the Claimant has received no reimbursements that can be counted as an applicable deduction under section 10.1(e) of the Act.

(8) That the Claimant's net compensable loss is based on the following:

| | Compensable Amount |
|---|---|
| St. Elizabeth Hospital | $2,536.30 |
| Belleville Radiologists, Ltd. | 278.75 |
| Medstar Ambulance, Inc. | 253.00 |
| Neurological Service-Belleville | 210.00 |
| Paid Medical Expenses/Compensable Loss of Earnings | 681.30 |
| Total | $3,959.35 |

(9) That the Claimant has complied with all pertinent provisions of the Act and qualifies for compensation thereunder.

(10) That pursuant to section 18(c) of the Act, the Court may order that all or a portion of an award be paid jointly to an applicant and the provider of services. In the

instant case, the Court finds this section applicable and orders that co-payment be made.

It is hereby ordered that the sum of $681.30 (six hundred eighty-one dollars and thirty cents) be and is hereby awarded to Forest L. Shook, an innocent victim of a violent crime.

It is further ordered that the sum of $2,536.30 (two thousand five hundred thirty-six dollars and thirty cents) be and is hereby awarded to St. Elizabeth's Hospital and Forest L. Shook.

It is further ordered that the sum of $278.75 (two hundred seventy-eight dollars and seventy-five cents) be and is hereby awarded to Belleville Radiologists, Ltd. and Forest L. Shook.

It is further ordered that the sum of $253 (two hundred fifty-three dollars) be and is hereby awarded to Medstar Ambulance, Inc. and Forest L. Shook.

It is further ordered that the sum of $210 (two hundred ten dollars) be and is hereby awarded to Neurological Service-Belleville and Forest L. Shook.

## OPINION

SOMMER, C.J.

On December 30, 1993, this Court issued an opinion granting compensation to the Claimant pursuant to the provisions of the Crime Victims Compensation Act. 740 ILCS 45/1 *et seq.*

On January 10, 1994, this Court received a letter from the Claimant's attorney indicating that a settlement of a dram shop action in the amount of $4,500 might be available to the Claimant. The letter asks that the Court waive the lien created by section 17 of the Act, so as to

allow the attorney and the Claimant to keep part or all of the dram shop award.

When this Court has been asked to waive the lien after an award has been made, a distinction has been made between those claims which were fully compensated by the State as measured by the terms of the Act and those which were not. *In re Application of John Lavorini* (1989), 42 Ill. Ct. Cl. 390; *In re Application of Setuko M. Cobb* (1992), 44 Ill. Ct. Cl. 438.

This distinction reflects the situation which would occur if the dram shop award or other award were to be made before the crime victims award was made. In some situations the amount of the loss as measured by the Act is high and not fully compensated, usually due to the $25,000 limit on any award. In other situations, the amount of loss is fully compensated under the terms of the Act. Where the amount of loss is fully compensated, the lien for any recovery from a dram shop action remains in effect.

In the present claim the victim was fully compensated for his loss as measured by the Act, therefore, under the ruling of *Lavorini, supra*, this Court is unable to waive the lien.

The issue remaining is whether the gross amount of the dram shop recovery must be returned to the State, or whether any expenses of obtaining the recovery be retained. The Act speaks of monies received by the Claimant. (740 ILCS 45/17d.) We find that expenses, including attorney's fees, may be deducted from the amount returnable to the State under the lien, as the Claimant receives only the net amount. The reasoning is that without such expenses, no recovery would be made. It is therefore ordered that the net amount of the dram

shop recovery after expenses be returned to the State as per section 17 of the Act.