(No. 92-CV-0426—

*In re* APPLICATION OF BRENDA LANHAM

*Opinion filed April 27, 1994.*
*Order on petition for rehearing filed August 9, 1994.*

GARY L. PETERLIN, for Claimant.

ROLAND W. BURRIS, Attorney General (PAUL H. CHO, Assistant Attorney General, of counsel), for Respondent.

## OPINION

SOMMER, C.J.

This cause arises from the Claimant's request for review of this Court's decision of April 30, 1993, under the Crime Victims Compensation Act (hereinafter referred to as the Act), and the Claimant's motion for waiver of the lien created by section 17 of the Act and attorney fees.

In this claim, the deceased victim left surviving a wife, Brenda Lanham, and three minor children. Due to the fact that the filing was beyond the statute of limitations, Brenda Lanham was excluded from any award, but the minor children remained eligible. 740 ILCS 45/6.1.

As the victim had an income in excess of $1,000 per month, the loss of support as measured by the Act was determined to be $1,000 multiplied by the 153 months of dependency remaining to the youngest minor. (740 ILCS 45/2.) Therefore, the loss of support as determined under the Act was $153,000.

The victim's wife, Brenda Lanham, received the proceeds of a life insurance policy in the amount of $160,000. Under the terms of the Act the amount of the life insurance

policy, minus $25,000, was treated as an applicable deduction under the Act. (740 ILCS 45/10.1.) After making this deduction ($153,000-$135,000), the Court determined the amount of the award to be $18,000.

In her request for review, the Claimant argues that since she did not receive any award under the Act, the life insurance, which was payable to her, is hers and may not be used as a deduction from the loss of support experienced by the minor children.

Section 10.1(e) of the Act provides that:

"An award shall be reduced by the amount of the benefits, payments or awards ° ° ° except ° ° ° the net proceeds of the first $25,000 of life insurance that would inure to the benefit of the applicant ° ° ° or any other person dependent for the support of a deceased victim ° ° ° has received ° ° °."

The above section of the Act essentially states that life insurance shall be deducted from an award where the benefits would go to the applicant or other persons dependent for support by the deceased victim.

Brenda Lanham is the applicant in this claim, though it could be argued that she was acting only as a representative of the minor children, who are the true applicants. However, had she not filed late, she would have been found to be dependent for support on the deceased. As evidence of such dependency, Brenda Lanham was found as a dependent in the dram shop action filed as a result of the victim's death. Therefore, we find that the proceeds of the life insurance went to the benefit of Brenda Lanham who was the applicant and also dependent for the support on the deceased victim, and such proceeds may be deducted from the award. Though dependent upon the deceased victim, Brenda Lanham was found ineligible on other grounds.

Had Brenda Lanham qualified under the Act, the maximum award of $25,000 would have been received

due to her potential of many years of dependency. The children's dependency is limited to the time that they are minors, in this case 153 months.

A dram shop action was instituted as a result of the victim's death, and awards were made to Brenda Lanham and the three minor children. Though the dram shop action was settled by an order entered on April 8, 1991, there seems to be no notification of such in the Court's file, or in the application by the Claimant. The application for benefits under the Act was filed on September 3, 1991.

The Claimant is requesting the Court to waive the lien created by the dram shop recovery under the authority of *In re Application of Setuko Cobb* (1992), 44 Ill. Ct. Cl. 438. The holding in *Cobb* is that when the circuit court award does not compensate the Claimant fully, as *defined by the Act*, the lien created by the circuit court award may be waived. In this claim, because of the life insurance, the Claimants were fully compensated as defined by the Act. The Act measured the loss of support to the children at $153,000. Thus, this claim is more similar to *In re Application of Lavorini* (1989), 42 Ill. Ct. Cl. 390, where the applicant was fully compensated by the circuit court and the Court of Claims award for the loss as defined by the Act. Therefore, we cannot waive the lien in the present claim.

The matter of the waiver of the lien is more well understood, if the situation is reversed. That is, the situation where recoveries from third-party sources are made before the crime victim's award is made. In that situation, the third-party recoveries are deducted in full or part against the amount of loss as determined by the Act. The lien simply recovers these deductions when the crime victim's award is made first.

The fact that a Claimant may have actual damages exceeding those compensable under the Act is not material, as this Court is empowered to grant only those awards as authorized by the language of the Act.

The Court notes that the dram shop recovery was not reported on the application filed in this Court; therefore, no adjustment of the award was made due to the dram shop award, some of which accrued to the children, and would be deductible under section 10—1(e) of the Act. This, however, is a matter for the Attorney General to consider.

Finally, section 12 states that fees may be charged to the Claimant when the attorney attends a hearing and the Court determines such fees as reasonable. The Claimant's attorney did attend the oral argument. However, in light of the situation in this claim, this Court will only approve actual reasonable expenses to attend the hearing, if the Claimant's attorney petitions therefore.

It is therefore ordered that the Claimant's request for additional compensation and to discharge the lien is denied and the request for attorney fees is granted in the form of actual reasonable expenses to attend the hearing only, provided the Claimant's attorney wishes to apply for same.

## ORDER

SOMMER, C.J.

This cause coming to be heard on the Claimant's motion to reconsider, which we will consider to be a petition for rehearing of an opinion issued April 27, 1994, due notice having been given, and this Court being fully advised, finds that Court of Claims Regulations section 790.220 requires that petitions for rehearing "shall state briefly the points supposed to have been overlooked or

misapprehended by the Court, with authorities and suggestions concisely stated in support of the points."

The Claimant in her motion states:

"1. The Opinion is erroneous based on law.

2. The Opinion is erroneous based on fact."

Such conclusory statements as made by the Claimant are not sufficient under rule 22.

It is therefore ordered that the Claimant's motion to reconsider is denied.