(No. 93-CV-0257-

*In re* APPLICATION OF PEGGY A. CHERRINGTON

*Opinion filed May 6, 1993.*
*Opinion filed May 31, 1994.*

WEINER & MCAULIFFE, LTD. (THOMAS W. WEBER, of counsel), for Claimant.

ROLAND W. BURRIS, Attorney General (CHARLES A. DAVIS, JR., and PAUL H. CHO, Assistant Attorneys General, of counsel), for Respondent.

## OPINION

MITCHELL, J.

This claim arises out of an incident that occurred on April 25, 1992. The Claimant, Peggy A. Cherrington, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. (1991), ch. 70, par. 71, *et seq*.

This Court has carefully considered the application for benefits submitted on July 29, 1992, on the form prescribed by the Attorney General, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

(1) That on April 25, 1992, Peggy A. Cherrington,

age 34, was a victim of a violent crime as defined in section 2(c) of the Act, to wit: driving under the influence of intoxicating liquor or narcotic drugs. Ill. Rev. Stat. (1991), ch. 95½, par. 11—501.

(2) That the crime occurred in Crete, Illinois, and all of the eligibility requirements of section 6.1 of the Act have been met.

(3) That the Claimant seeks compensation for medical/hospital expenses and for loss of earnings.

(4) That after considering insurance and other sources of recovery, the Claimant's net compensable loss for medical/hospital expenses is $3,020.96. To date, the Claimant has paid $127.25 towards this amount.

(5) That section 2(h) of the Act states that loss of earnings shall be determined on the basis of the victim's average net monthly earnings for the six months immediately preceding the date of the injury or on $1,000 per month, whichever is less.

(6) That the Claimant's average net monthly earnings for the six months prior to the incident were $1,887. Claimant was disabled and unable to work for a period of 2 months and 10 working days. Based upon $1,000 per month, the maximum compensation for loss of earnings is $2,454.50.

(7) That the Claimant has received no reimbursements that can be counted as an applicable deduction under §80.1(e) of the Act.

(8) That the Claimant's net compensable loss is based on the following:

| | Compensable Amount |
|----------------------------------------------|--------------------|
| Medical Practice Plan | $2,893.21 |
| Paid Medical Expenses/Compensable Loss of Earnings | 2,582.25 |
| Total | $5,475.46 |

(9) That the Claimant has complied with all pertinent provisions of the Act and qualifies for compensation thereunder.

(10) That the Claimant, Peggy A. Cherrington, has filed a civil action, *Peggy A. Cherrington v. Michael P. Matthews, et al.*, No. 92-L-15668 in the circuit court of Will County, Illinois, as a result of the incident. The Claimant, by informing the Attorney General's office of her pending civil suit, has acknowledged her responsibility to further notify the Attorney General's office of the final disposition of the civil action, pursuant to section 17 of the Act.

(11) That on December 7, 1992, Medical Practice Plan filed a physician's lien with the Court of Claims concerning the Claimant's outstanding medical expenses. The Court hereby orders direct payment to the provider in this instant case.

It is hereby ordered that the sum of $2,582.25 (two thousand five hundred eighty-two dollars and twenty-five cents) be and is hereby awarded to Peggy A. Cherrington, an innocent victim of a violent crime.

It is further ordered that the sum of $2,893.21 (two thousand eight hundred ninety-three dollars and twenty-one cents) be and is hereby awarded to Medical Practice Plan for the medical expenses of Peggy A. Cherrington.

## OPINION

SOMMER, C.J.

This matter arises on the Claimant's motion to re-open and adjudicate the victim's assistance lien.

On May 6, 1993, this Court awarded $5,475.46 to the Claimant under the provisions of the Crime Victims Compensation Act. (740 ILCS 45/1 *et seq.*) The State retained a lien against any proceeds of recoveries by the victim against the perpetrators or other parties involved in the crime. 740 ILCS 45/17(c).

The Claimant has recovered $27,000 from the dram shop insurer, and proposes to pro-rate that amount among the insurance companies that have paid the victim for various damages and the Crime Victim's fund. The Attorney General has refused to agree to the pro-ration.

The Crime Victims Compensation Act states that "compensation under this Act is a secondary source of compensation and the applicant must show that he has exhausted the benefits reasonably available under the Criminal Victims' Escrow Account Act or any governmental or medical or health insurance programs, including * * * life, health, accident, or liability insurance." 740 ILCS 45/10.1(g).

The Crime Victims Compensation Act further states: "Where compensation is awarded under this Act and the person receiving same also receives any sum required to be, and that has not been deducted under Section 10.1, he *shall* refund to the State the amount of the compensation paid to him which would have been deducted at the time the award was made." 740 ILCS 45/17(d). [Emphasis added.]

Under the law, as cited above, crime victims compensation is a secondary source of compensation available

only after having exhausted all other sources of payment, such as insurance, and the repayment of crime victims compensation is mandatory if amounts which have been recently recovered would have been deducted when computing the original award, had these amounts then been available.

In the present claim, had the dram shop recovery occurred before the crime victims compensation had been paid, the Claimant would have had $5,475.46 deducted from her potential award and would have received nothing.

Therefore, the position of the Attorney General in refusing to compromise the crime victims compensation lien is correct. It is therefore ordered that the Claimant's motion to re-open case and adjudicate victim's assistance lien is denied.