(No. 92-CV-1015—)

*In re* APPLICATION OF GREGORIO LOPEZ, JR.

*Opinion filed May 17, 1996.*

JOHN B. MIX, for Claimant.

JIM RYAN, Attorney General (PAUL H. CHO, Assistant Attorney General, of counsel), for Respondent.

## OPINION

JANN, J.

This cause comes on to be heard on Petitioner's motion to waive lien, due notice having been given and the Court being fully advised in the premises finds:

1. Petitioner was awarded the sum of $4,903.12 for medical expenses and lost earnings by order of the Court on July 7, 1993.

2. Petitioner filed suit in the Circuit Court of Cook County styled Gregorio Lopez, Jr. v. Michael A. Salem, et al., cause no. 91 L 11031 under the Dram Shop Act seeking damages arising from the same incident underlying his petition in the Court of Claims.

3. Petitioner's cause in circuit court was set for mandatory arbitration. The panel of arbitrators found against Petitioner.

4. Petitioner instructed his attorney to file a renunciation of the arbitrator's findings and paid $200 to have the cause reinstated for a jury trial.

5. Prior to trial, Petitioner accepted a settlement in the sum of $7,500.

6. Petitioner agreed to a contingent fee agreement with his attorney in the amount of one-third of the proceeds from any settlement or judgment. Additional costs in the amount of $822.50 were incurred in pursuance of the lawsuit in circuit court.

7. Petitioner's net recovery from the lawsuit is $4,177.50. As his net proceeds from the settlement were less than the award herein ($4,903.12), Petitioner seeks waiver of the statutory lien of the State of Illinois created by section 17(c) of the Act. (740 ILCS 45/17(c).) Section 10.1(g) of the Act states that "compensation under this Act is a secondary source of compensation and the applicant must show that he has exhausted the benefits reasonably available under the Criminal Victim's Escrow Account Act or any governmental or medical or health insurance programs, including * * * life, health, accident, or liability insurance." 740 ILCS 45/10.1(g).

The Act further states "where compensation is awarded under this Act and the person receiving same also receives any sum required to be, and that has not been deducted under Section 10.1, he shall refund to the State the amount of the compensation paid to him which would have been deducted at the time the award was made." 740 ILCS 45/17(d).

As recently held in *In re Application of Cherrington* (1994), 46 Ill. Ct. Cl. 615 (also a dram shop case), "Under the law * * * crime victim's compensation is a secondary source of compensation available only after having exhausted all other sources of payment, such as insurance, and the repayment of crime victim's compensation is *mandatory* if amounts which have been recently recovered would have been deducted when computing the original award, had these amounts then been available." (Emphasis added.) The dram shop award herein would

have been deducted from Petitioner's award had it been received prior to the award under the Act.

As previously stated, Petitioner's net award from the circuit court case was less than the award granted under the Act. A similar situation was recently addressed by the Court in *In re Application of Shook* (1994), 46 Ill. Ct. Cl. 619 which held:

"The Act speaks of monies received by the Claimant. (740 ILCS 45/17d.) We find that expenses, including attorney's fees, may be deducted from the amount returnable to the State under the lien, as the Claimant receives only the net amount. The reasoning is that without such expenses, no recovery would be made."

We hereby order that the net amount of the dram shop award in the amount of $4,177.50 be returned to the State as per section 17 of the Act.